## DIMMICK v. BROADHEAD.

An action of trespass may be maintained; if a corporation takes land for public use before entering a bond for compensation.

**Error to the Court of Common Pleas of Pike county.**

Opinion delivered March 23, 1874, by

AGNEW, C. J. It has been settled in a series of cases from Crangle v. Harrisburg Water Co., 3 W. & S. 490, to Pittsburg, Fort Wayne and Chicago R. R. Co. 16 P. F. Smith, 404, that it is trespass in a private

corporation to take land for a public use without first making compensation, or giving adequate security therefor. The constitutional provision is express that this must be done " before such property shall be taken." This amendment of 1838 meant something. The 10th section of the bill of rights, in the constitution of 1790, merely provided that property should not be taken or applied to public use " without just compensation being made." Under this clause it had been held that it was not necessary that the compensation should be actually ascertained and paid before appropriation, it being sufficient if an adequate remedy was provided as the means of obtaining it without unreasonable delay. But the remedy is illusory in the case of a private corporation, where it is without means, or becomes insolvent, and, hence, the provision in the 4th section of the 7th article of the constitution, as amended in 1838, viz. : " The legislature shall not invest any corporate body or individual with the privilege of taking private property for public use, without requiring such corporation or individual to make compensation to the owners of said property or give adequate security therefor, before such property shall be taken." The language is not shall *tender,* but shall give adequate security. The word " tender," in the proviso of the 10th section of the general railroad law of 1849, is a departure from the words of the constitution. If the adequacy of the security be left in the first instance to the determination of the corporation, the effect of a tender merely might be ruinous to the property-owner. An entry and destruction of valuable property by a corporation, would be without compensation at the end of a contest about the adequacy of the security, if then the security should be found to be insufficient, and the corporation insolvent. The legislature, therefore, remedied this defect in the act of 1849, by the second section of the act of 9th April, 1856, 2 Brightly, 1220, p. 36, providing in case of the refusal of the owner to accept the tender, that notice of presenting the bond for filing in court should be given, and making the bond subject to the approval of the common pleas. Less than this is no sufficient provision for compensation under the amendment of 1848, and would leave the people unprotected in their possessions. The people, in their amendment, have expressed their determination to secure themselves fully against the wrong and grasping avarice of those who exercise the power of eminent domain, often more for their own interests than those of the public. It was different where the State herself exercised her own power. She could proceed at once, upon making a sufficient provision for compensation. Her ability to compensate in the end is undoubted. The entry, in this case, before the approval of the bond, was a trespass, and as such, the common law remedy is applicable. Crangle *v.* Harrisburg Water Co. 3 W. & S. 490 ; McClinton *v.* R. R. Co. 16 P. F. Smith 404.

Judgment affirmed.